IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

FIRST CHICAGO INSURANCE COMPANY,
an Illinois corporation,

    Plaintiff,

v.

DEIVY ROSAS RAMOS, LLC, an Indiana limited liability company, and WAGLER CUSTOM HOMES, LLC, an Indiana limited liability company,

    Defendants.

Case No. _____

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, FIRST CHICAGO INSURANCE COMPANY ("First Chicago"), by and through its counsel, Donald Patrick Eckler of FREEMAN MATHIS & GARY, LLP, brings this Complaint for Declaratory Judgment against Defendants, DEIVY ROSAS RAMOS, LLC, ("DRR") and WAGLER CUSTOM HOMES, LLC ("Wagler"), and alleges and states as follows:

### INTRODUCTION

1. First Chicago seeks a judicial declaration that it does not have a duty to defend or indemnify DRR in connection with a third-party complaint by Wagler following from a lawsuit by Fountains Germantown Holdings, LLC. Wagler seeks to recover from DRR as a result of DRR's alleged negligent and defective design and construction work at Peyton Stakes Apartments in Nashville, TN. The subject lawsuit is *Fountains Germantown Holdings, LLC, v. Doster Construction Co., Inc., et al.*, Chancery Ct., Davidson Cnty., TN, No. 20-0482-III ("Underlying Lawsuit").

### JURISDICTION & VENUE

2. Plaintiff, First Chicago, is a corporation organized under the laws of Illinois with its

principal place of business in Bedford Park, Illinois.

3. Defendant, Deivy Rosas Ramos, LLC, is a limited liability company organized under the laws of Indiana, whose sole owner and manager, Deivy Ramos, is a citizen of Indiana.

4. Defendant, Wagler Custom Homes, LLC is a limited liability company organized under the laws of Indiana, whose sole owner and manager, Larry Wagler, is a citizen of Indiana.

5. Jurisdiction here is based upon diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1). Diversity jurisdiction exists because: (a) there is complete diversity of citizenship between Plaintiff, First Chicago, and Defendants, DRR and Wagler; and (b) the amount in controversy with regards to the Underlying Lawsuit well exceeds $75,000.

6. Venue is appropriate under 28 U.S.C. § 1391(b)(1), as DRR and Wagler are residents of a county falling within this district's jurisdiction, First Chicago is an Illinois corporation doing business in this district, and the insurance policy at issue was issued in this district.

7. An actual justiciable controversy exists between First Chicago, on the one hand, and DRR and Wagler, on the other hand, and by the terms and provisions of Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202, this Court is vested with the power to declare the rights and liability of the parties hereto and to grant such relief as it deems necessary and proper.

## POLICY

8. First Chicago issued to DRR a Dde. A true and correct copy of the Policy is attached hereto and incorporated herein as **Exhibit A**.

9. The Property Damage Coverage part of the Policy contains the following relevant provisions:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1.** **Insuring Agreement**

    **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of … "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for … "property damage" to which this insurance does not apply.

    \* \* \*

    **b.**    This insurance applies to … "property damage" only if:

        (1)    The … "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; [and]

        (2)    The … "property damage" occurs during the policy period;

    \* \* \*

10.    The Policy contains a Sunset Provision Endorsement (FC 00 25 04 08), which states, in relevant part:

> This policy will not provide any coverage, regardless of the other terms and conditions of the Policy, including the definition of "occurrence" for any claim or "suit" or demand for damages made against an insured unless the claim or "suit" or demand for damages is reported in writing to us within:
>
>     X    Two (2) years after the Policy Period
>
>     \* \* \*
>
> The provisions of this endorsement shall not extend any other time limitation set forth in the Policy to notify us of an "occurrence", an offense which may result in a claim, a claim, or a "suit".

11.    The Policy also contains the following Notice Condition, which is a condition precedent to coverage under the Policy:

    **2.**    **Duties In the Event of Occurrence, Offense, Claim or Suit**

        **a.**    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    **(1)** How, when and where the "occurrence" or offense took place;

    **(2)** The names and addresses of any injured persons and witnesses; and

    **(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

* * *

## UNDERLYING LAWSUIT

12. On May 29, 2020, Fountains Germantown Holdings, LLC ("Fountains") filed suit against, among others, Doster Construction Company, Inc. ("Doster"), and Wagler. Fountains asserted various claims related to the construction of the apartment building known as Peyton Stakes Apartments in Nashville, TN ("Project"). The operative Corrected First Amended Complaint and Demand for Jury Trial alleges that Doster entered into a subcontract with Wagler to perform framing work on the Project. The Amended Complaint further alleges that as a result of numerous instances of faulty workmanship, the Project experienced water infiltration and damage to property, necessitating a host of repairs, loss of use, maintenance costs, and diminution of value. A true and correct copy of the Amended Complaint is attached hereto and incorporated herein as **Exhibit B**.

13. On June 29, 2021, Wagler filed a Third-Party Complaint against DRR, alleging that Wagler subcontracted with DRR to work on the Project. Specifically, Wagler contacted with DRR to perform portions of the framing Wagler was responsible for in its contract with Doster. Wagler alleged that should it be found liable for defective work on the Project, its liability would be the "result of the acts, errors or omissions of one or more of the third-party defendants, and of no fault of Wagler." Wagler sought to be held harmless, indemnified, and defended by DRR, as well as to recover its costs, attorney fees, litigation costs and expenses, and expert fees. A true and correct copy of Wagler's Amended Third Party Complaint is attached hereto and incorporated herein as **Exhibit C.**

14. Following DRR's initial report to First Chicago on August 25, 2021 of Wagler's claims

and the alleged faulty workmanship and damage to the Project, First Chicago agreed to defend DRR in the Underlying Lawsuit under a complete reservation of rights, including First Chicago's right to withdraw from DRR's defense and to initiate a declaratory judgment action seeking a judicial determination of noncoverage.

### COUNT I:  DECLARATORY JUDGMENT
### THE SUNSET PROVISION ENDORSEMENT

15. First Chicago incorporates by reference paragraphs 1-14 above as fully stated herein.

16. The Sunset Provision Endorsement bars coverage entirely for that part of the Underlying Lawsuit directed against DRR.  According to the terms of the Endorsement, the Policy applies only to claims or suits against DRR that are reported to First Chicago within two years of the Policy's expiration.  Hence, DRR must have reported Wagler's "claim" or "suit" to First Chicago within two years of the Policy's expiration.

17. The Policy expired on October 1, 2015, meaning the time to report claims ended on October 1, 2017.  However, the Underlying Lawsuit was not even made against DRR until July 25, 2021, and further, DRR reported the Underlying Lawsuit to First Chicago on August 25, 2021 — nearly six years after the Policy expired and four years after the period allotted by the Sunset Provision Endorsement.

18. Accordingly, First Chicago has no duty to defend or indemnify DRR under the Policy in connection with the Underlying Lawsuit, as the Sunset Provision Endorsement precludes coverage for the Underlying Lawsuit, including Wagler's claim against DRR.

### COUNT II:  DECLARATORY JUDGMENT
### BREACH OF THE NOTICE OF OCCURRENCE REQUIREMENT

19. First Chicago incorporates by reference paragraphs 1-14 above as fully stated herein.

20. The Policy's Notice Condition, a condition precedent to coverage under the Policy, requires DRR to notify First Chicago as soon as practicable of any "occurrence" or offense which

may result in a claim.

21. However, DRR first reported the Underlying Lawsuit to First Chicago on August 25, 2021, despite being aware in early 2020 of the alleged problems associated with its work on the Project.

22. Because DRR did not timely report the claims of faulty workmanship, DRR's unreasonable delay breached the Policy's Notice Condition.

23. Further, this breach is material because First Chicago was prejudiced by the delay, as DRR was deprived of the ability to fully investigate, evaluate, and adjust the claims.

24. DRR's material breach of a condition precedent to coverage terminates any duty to defend or indemnify DRR may arguably have under the Policy.

WHEREFORE, Plaintiff, FIRST CHICAGO INSURANCE COMPANY, respectfully requests this Court to declare and adjust the controversy as follows:

A. First Chicago has no duty to defend Deivy Rosas Ramos, LLC, under the Policy;

B. First Chicago has no duty to indemnify Deivy Rosas Ramos, LLC, under the Policy;

C. First Chicago is entitled to other relief that this Court deems just and equitable under the circumstances, including the award of costs.

DATED: April 25, 2022                   Respectfully submitted,

                                                        **FREEMAN MATHIS & GARY, LLP**

                                                        By: /s/ Donald Patrick Eckler
                                                        Attorney for First Chicago Insurance Company

Donald Patrick Eckler
FREEMAN MATHIS & GARY, LLP
117 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Tel: (773) 389-6640
Patrick.Eckler@fmglaw.com