UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| FIRST CHICAGO INSURANCE COMPANY | ) ) ) | Cause No. 1:22-cv-00800-TWP-MG |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| DEIVY ROSAS RAMOS, LLC and WAGLER CUSTOM HOMES, LLC | ) ) ) | |
| Defendants | ) | |

**WAGLER CUSTOM HOMES, LLC'S ANSWER TO**
**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Co-Defendant, Wagler Custom Homes, LLC, by counsel, Ryan M. Heeb and for its Answer to Plaintiff's Complaint for Declaratory Judgment, states as follows:

**INTRODUCTION**

1. Admits that the allegations in rhetorical paragraph 1 of the Plaintiff's Complaint for Declaratory Judgment are an accurate and correct recitation of the issues and posture of this case.

**JURISDICTION & VENUE**

2. Wagler is without information to admit or deny the allegations contained in rhetorical paragraph 2 of the Plaintiff's Complaint for Declaratory Judgment and therefore deny the same.

3. Wagler admits the allegations contained in rhetorical paragraph 3 of the Plaintiff's Complaint for Declaratory Judgment.

4. Wagler admits the allegations contained in rhetorical paragraph 4 of the Plaintiff's Complaint for Declaratory Judgment.

5. Wagler admits the allegations contained in rhetorical paragraph 5 of the Plaintiff's Complaint for Declaratory Judgment.

6. Wagler admits the allegations contained in rhetorical paragraph 6 of the Plaintiff's Complaint for Declaratory Judgment.

7. Wagler admits the allegations contained in rhetorical paragraph 7 of the Plaintiff's Complaint for Declaratory Judgment.

## POLICY

8. Wagler is without information to admit or deny the allegations contained in rhetorical paragraph 8 of the Plaintiff's Complaint for Declaratory Judgment and therefore deny the same.

9. Wagler states that the Policy language quoted in rhetorical paragraph 9 of the Plaintiff's Complaint for Declaratory Judgment speaks for itself. To the extent the allegation contained in rhetorical paragraph 9 calls for a response, Wagler denies the same.

10. Wagler states that the Policy language quoted in rhetorical paragraph 10 of the Plaintiff's Complaint for Declaratory Judgment speaks for itself. To the extent the allegation contained in rhetorical paragraph 10 calls for a response, Wagler denies the same.

11. Wagler states that the Policy language quoted in rhetorical paragraph 11 of the Plaintiff's Complaint for Declaratory Judgment speaks for itself. To the extent the allegation contained in rhetorical paragraph 11 calls for a response, Wagler denies the same.

## UNDERLYING LAWSUIT

12. Wagler admits that on May 29, 2020, Fountains Germantown Holdings, LLC ("Fountains") filed suit against, among others, Doster Construction Company, Inc. and Wagler. Wagler states that the Amended Complaint attached as Exhibit B to the Plaintiff's Complaint for Declaratory Judgment and referenced in rhetorical paragraph 12 of the Plaintiff's Complaint for speaks for itself. Wagler denies that the allegation made against it by Fountains are true.

13. Wagler admits the allegations contained in rhetorical paragraph 13 of the Plaintiff's Complaint for Declaratory Judgment and states that the Third-Party Complaint attached as Exhibit C to the Plaintiff's Complaint for Declaratory Judgment and referenced in rhetorical paragraph 13 of the Plaintiff's Complaint for speaks for itself.

14. Wagler is without information to admit or deny the allegations contained in rhetorical paragraph 14 of the Plaintiff's Complaint for Declaratory Judgment and therefore deny the same.

## COUNT I: DECLARATORY JUDGMENT
## THE SUNSET PROVISION ENDORSEMENT

15. Wagler incorporates by reference its responses to rhetorical paragraphs 1 through 14 of the Plaintiff's Complaint for Declaratory Judgment as if fully set forth herein.

16. Wagler is without information to admit or deny the allegations contained in rhetorical paragraph 16 of the Plaintiff's Complaint for Declaratory Judgment and therefore deny the same.

17. Wagler is without information to admit or deny the allegations contained in rhetorical paragraph 17 of the Plaintiff's Complaint for Declaratory Judgment and therefore deny the same.

18. Wagler denies the allegations contained in rhetorical paragraph 18 of the Plaintiff's Complaint for Declaratory Judgment.

## COUNT II: DECLARATORY JUDGMENT
## BREACH OF THE NOTICE OF OCCURRENCE REQUIREMENT

19. Wagler incorporates by reference its responses to rhetorical paragraphs 1 through 18 of the Plaintiff's Complaint for Declaratory Judgment as if fully set forth herein.

20. Wagler is without information to admit or deny the allegations contained in rhetorical paragraph 20 of the Plaintiff's Complaint for Declaratory Judgment and therefore deny the same.

21. Wagler is without information to admit or deny the allegations contained in rhetorical paragraph 21 of the Plaintiff's Complaint for Declaratory Judgment and therefore deny the same.

22. Wagler denies the allegations contained in rhetorical paragraph 22 of the Plaintiff's Complaint for Declaratory Judgment.

23. Wagler denies the allegations contained in rhetorical paragraph 23 of the Plaintiff's Complaint for Declaratory Judgment.

24. Wagler denies the allegations contained in rhetorical paragraph 24 of the Plaintiff's Complaint for Declaratory Judgment.

WHEREFORE, Co-Defendant, Wagler Custom Homes, LLC, respectfully requests that the Court enter judgment in its favor and against the Plaintiff on the Plaintiff's Complaint for Declaratory Judgment and for all other just and proper relief in the premises.

## **SEPARATE AND AFFIRMATIVE DEFENSES**

Based on its understanding of the Plaintiff's Complaint for Declaratory Judgment, and subject to its right to supplement or amend following discovery, Wagler asserts that all or part of the Plaintiff's claims are barred by one or more of the following defenses, without assuming the burden of proof where such burden falls on the Plaintiff:

1. Plaintiff's claims are barred in whole or in part because of its failure to state a claim against Wagler.

2. Plaintiff's claims are barred in whole or in part because by failure of consideration.

3. Plaintiff's claims are barred in whole or in part by illegality.

4. Plaintiff's claims are barred in whole or in part by waiver.

5. Plaintiff's claims are barred in whole or in part by estoppel.

6. Plaintiff's claims are barred in whole or in part by latches.

WHEREFORE, Co-Defendant, Wagler Custom Homes, LLC, respectfully requests that the Court enter judgment in its favor and against the Plaintiff and for all other just and proper relief in the premises.

Respectfully submitted,

*/s/ Ryan M. Heeb*
Ryan M. Heeb, #34626-53
BUNGER & ROBERTSON
211 S. College Ave.
Bloomington, Indiana 47404
Phone: (812) 332-9295
Fax: (812) 331-8808
Email: rheeb@lawbr.com
*Attorney for Wagler Custom Homes, LLC*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on October 5, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Donald Patrick Eckler
FREEMAN MATHIS & GRAY, LLP
117 W. Jackson Blvd, Suite 1700
Chicago, IL 60604
Patrick.eckler@fmglaw.com

I hereby certify that on October 4, 2022, a copy of the foregoing document was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Deivy Rosas Ramos, LLC
c/o Registered Agent, Deivy Rosas Ramos
5543 Dunk Drive
Indianapolis, IN 46224

                                              */s/ Ryan M. Heeb*
                                              Ryan M. Heeb, #34626-53
                                              BUNGER & ROBERTSON
                                              211 S. College Ave.
                                              Bloomington, Indiana 47404
                                              Phone: (812) 332-9295
                                              Fax: (812) 331-8808
                                              Email: rheeb@lawbr.com
                                              *Attorney for Wagler Custom Homes, LLC*